IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN L. MCGILL,** | : CIVIL ACTION NO. 1:08-CV-1234 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **DESIGNATION SENTENCE COMPUTATION**, et al., | : |
| Respondents | : |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on June 30, 2008, by federal inmate Kevin L. McGill ("petitioner"). (Doc. 1.) Petitioner contends that the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, erroneously reopened his criminal case, carrying docket number F-7662-93, and "placed 2053 days back onto this closed docket number in order for [him] to have to see the U.S. Parole Commission." (Id., at 1.) He seeks to "correct, vacate, or set aside or close F-7662-93 Docket case from ever being misused to house illegal and new remaining sentences time. . . . (per) F.B.O.P. Inaccuracy." (Doc. 1, at 10.)

Respondents argue that the petition is subject to dismissal because petitioner failed to exhaust his administrative remedies. (Doc. 6, at 4-7.) Alternatively, they seek denial of the petition on the merits. (Id., at 7-14.) For the reasons that follow, the petition will be denied.

**I.     Background**

On May 23, 1996, petitioner pled guilty in the Superior Court of the District of Columbia to Murder II While Armed, Case Number F-7662-93, and was sentenced to a term of incarceration of five to fifteen years.  (Doc. 6-2, Ex. 2, Declaration of James E. Hazleton, Correctional Programs Specialist at the BOP Designation and Computation Center ("Hazleton Dec."), ¶ 6; Doc. 6-2, Ex. 2, Attach. C, Judgment and Commitment.)   He was paroled on December 6, 2002.  (Id. at Ex. 2, Hazleton Dec., ¶ 7.)  "At the time of his parole, McGill had 2,053 days remaining on his sentence, with his sentence set to expire on July 20, 2008."  (Id.)

He was subsequently transferred to the jurisdiction of the United States Parole Commission ("the Commission") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (1997); D.C. Code § 24-131 (2008).  On June 6, 2007, the Commission issued a warrant for petitioner's arrest based on the supervising officer's report of June 5, 2007, setting forth a technical parole violation and violations based on charges of new criminal conduct.  (Doc. 6-2, Ex. 2, Hazleton Dec., Attach. D, Attach. E.)  Therein, petitioner was notified that "[i]f the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release."  (Id.)  The warrant was supplemented on August 9, 2007, to reflect that petitioner was convicted on the new criminal conduct.  (Id.)  Following a hearing, the Commission decided to "Revoke

parole.  None of the time spent on parole shall be credited.  Continue to expiration."
(Doc. 6-2, Ex. 2,  Hazleton Dec., Attach. F.)

An inmate may challenge any aspect of his or her confinement using the Bureau of Prison's ("BOP") administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*.  To exhaust administrative remedies, an inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  Id. at §542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP.  28 C.F.R. §§542.15(a), 542.18.  No administrative appeal is considered finally exhausted until a decision is rendered by the BOP's Central Office.

The BOP maintains official records concerning the processing of inmate administrative remedies, many of which are located in the BOP's computerized records (SENTRY) and inmate files.  (Doc. 6-2, Declaration of BOP Attorney Adviser Adam J. Ackley ("Ackley Declaration"), at ¶¶ 1-2.)  "A review of BOP records reveals that McGill has failed to file any administrative remedies while in the custody of the Federal Bureau of Prisons."  (Doc. 6-2, at 3, ¶ 4, 6.)

With respect to the Commission's decision requiring him to serve 2053 days, petitioner states that he "had convey [sic] remedy resolution in my institution in both ways (1) I, spoke verbally at open house Records Department, on Tuesdays

and Thursdays, (2) I have started a BP-8 and 9 Cop-out Resolution to my counselor to pass it to this Record Officer Kranzel who had not responded back to neither one I gave to counselor, in which now - I have resubmitted to counselor of my unit to exhaust my remedy literately [sic] - Then verbally as I started out when I arrived to this institution." (Doc. 7-2, at 1.)  An inmate request to staff member was submitted to Ms. Castagnola on July 25, 2008 "to see, why I was given 2053 days for a misdemeanor charge and technical parole violation." (Id., at 5.)  On July 29, 2008, he was informed as follows: "You are serving a parole violation term of 2053 days. The original term is for murder while armed which carried a 15 year term." (Id.) Petitioner did not pursue the issue any further prior to filing his petition.

However, several months after he filed the petition, and subsequent to the filing of respondents' response, petitioner filed a request for administrative relief stating "I am writing to see why I was given 2053 days for a misdemeanor charge and technical parole violation." (Doc. 10, at 5.)  He was informed that when he was released from his sentence in Case F-7662-93, he had 2053 days left unserved and that the U.S. Parole Commission issued a notice of action revoking parole and not crediting him with any time spent on parole. (Doc. 10, at 6.)  Therefore, he was required to serve the entire 2053 days.  He appealed this decision to the Regional Director stating as follows:

> I was given 90 days for a misdemeanor charge of Simple Assault.  I was about to be released on my full term date on July 20, 2008, but after I seen [sic] the U.S.P.C. I was given 2,053 days on the technical parole violation. I believe that I should not have been given this large amount for a misdemeanor that under 28 C.F.R. 220 carries 0-10 months.

4

(Doc. 10, at 2-3.)  The director explained the following:

> Records reflects [sic] the U.S. Parole Commission issued a Notice of Action dated September 5, 2007, ordering a revocation of your parole and indicating none of the time spent on parole shall be credited, continue to expiration.  When you were released via Mandatory Parole on December 6, 2002, for the offense of Murder II While Armed, you had 2053 days left unserved on your 15-year sentence.  The length of the violator term is equal to the amount of time remaining on your original sentence at the time of your release.  The 2053 day term you are currently serving is for violating the parole for the Murder II charge, not the misdemeanor charge.  There is no indication the BOP miscalculated your sentence.

(Id., at 4.)  He appealed to the final level of review, without success.  He was informed that "On August 13, 2007, your parole was formally revoked without credit for time spent on parole.  24 DC Code, § 206(a) requires the forfeiture of all street time upon parole revocation, meaning you are required to serve the balance of the sentence noted above.  Your violation term commenced on July 2, 2007 when you were taken into federal custody with an anticipated release of August 24, 2011, via mandatory parole."  (Doc. 10, at 9.)  On December 23, 2008, petitioner notified the court that he had completed the administrative remedy process.  (Doc. 10.)

### III.  Discussion

    A.  Exhaustion

28 U.S.C. § 2241 provides district courts with authority to order the release of prisoners from unconstitutional conditions of confinement.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 758-60 (3d Cir. 1996).  Generally, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See id. at 760; see also Callwood v.

5

Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.") (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981)).  Exhaustion is required for three reasons: (1) it facilitates judicial review by allowing the appropriate agency to develop a factual record and to apply its expertise; (2) it conserves judicial resources; and (3) it fosters administrative autonomy by providing agencies the opportunity to correct their errors.  Moscato, 98 F.3d at 761-62).  Exhaustion of administrative remedies, however, is not required where exhaustion would not promote these goals.[1]

It is undisputed that petitioner failed to exhaust his administrative remedies prior to filing his petition, which, routinely, would lead to dismissal of the petition.  However, it is clear from the record that petitioner has now fully exhausted his administrative remedies, thereby satisfying the above-enumerated concerns that arise when a party fails to exhaust.  (Doc. 10).  Consequently, the merits of the petition will be considered.

---

[1] Exhaustion is not required where a prisoner demonstrates futility, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998), where delay would subject the prisoner to irreparable injury, Carling v. Peters, Civ. No. 00-CV-2958, 2000 WL 1022959 at *2 (E.D. Pa. July 10, 2000), or where the issue presented by the prisoner involves only statutory construction, Bradshaw v. Carlson, 682 F.2d 1050, 1052-53 (3d Cir. 1981).

B.  Merits

Petitioner fails to demonstrate how the BOP's calculation of his sentence violates the Constitution or laws of the United States, and therefore, habeas relief must be denied.

Petitioner argues that the BOP is holding him "over the length of time that was owed under this expired Judgment and Commitment, Docket No. F-7662-93." (Doc. 1, at 8.) Petitioner is mistaken. According a District of Columbia Statute enacted in 1932, a D.C. Code offender forfeits his accrued street time if his parole is revoked. The language of this statute is unequivocal: "If the order of parole shall be revoked, . . . [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-206(a) (1996). The revocation of parole results in the prolongation of the time that an offender serves on his sentence by the amount of street time that is lost. At the time he was paroled, petitioner had 2053 days remaining on his sentence. In accordance with the D.C. Code provision, upon revocation of his parole, his street time was forfeited and he was required to serve the remaining days.[2] The BOP computed petitioner's

---

[2] For a time, there was disagreement over whether the street time forfeiture provision of § 24-206(a) was repealed by the Good Time Credits Act of 1986 ("GTCA"), D.C. Law 6-218, § 5, 34 D.C. Reg. 484 (1987), which provides that D.C. Code offenders receive credit for their street time against their sentences. Disagreement arose because the GTCA does not specifically address whether a D.C. Code offender forfeits his street time credit if his parole is revoked. Davis v. Moore, 772 A.2d 204, 209 ((D.C. 2001). The issue was resolved when the District of Columbia Court of Appeals held that §24-206(a) was not repealed by implication by the GTCA and that crediting prisoners with street time after their parole was revoked was erroneous. United States Parole Comm'n v. Noble, 693 A.2d 1084, 1095

7

sentence in accordance with the Constitution and applicable laws.  The petition will therefore be denied.

      An appropriate order follows.

                                       S/ Christopher C. Conner
                                       CHRISTOPHER C. CONNER
                                       United States District Judge

Dated:      January 15, 2009

---

(D.C. 1997).  Moreover, it is also settled that the retroactive application of <u>Noble</u> is Constitutionally permissible.  <u>Davis</u>, 772 A.2d at 208-09.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN L. MCGILL,** | : | **CIVIL ACTION NO. 1:08-CV-1234** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **DESIGNATION SENTENCE COMPUTATION, et al.,** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 15th day of January, 2009, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge